IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAURICE LAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 22-499 (MN) |
| | ) |
| ROBERT MAY, Warden, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

Maurice Land– *Pro se* Petitioner.

Matthew C. Bloom, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

August 10, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Maurice Land ("Petitioner"). (D.I. 1; D.I. 4). The State filed a Motion to Dismiss (D.I. 14) which Petitioner opposed. (D.I. 16). For the reasons discussed, the Court will grant the State's Motion to Dismiss and dismiss the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

I.  **BACKGROUND**

In October 2015, a Delaware Superior Court jury convicted Petitioner of first-degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), second degree conspiracy, theft, tampering with physical evidence, and resisting arrest. *See Land v. State*, 154 A.3d 590 (Table), 2017 WL 443700, at *1 (Del. Jan. 10, 2017). Two months later, the Superior Court imposed an aggregate sentence of fifty-one years and six months in prison, followed by one year of probation. (D.I. 11-3 at 20-25). Petitioner appealed and the Delaware Supreme Court affirmed Petitioner's conviction and sentence on January 10, 2017. *See Land*, 2017 WL 443700, at *3.

On June 12, 2017, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11-14 at 156-160). The Superior Court appointed counsel, who filed an amended Rule 61 motion. (D.I. 11-14 at 168-222). The Superior Court denied the Rule 61motion on January 24, 2019. *See State v. Land*, 2019 WL 337914, at *7 (Del. Super. Ct. Jan. 24, 2019). Petitioner appealed, and the Delaware Supreme Court affirmed that decision on August 22, 2019. *See Land v. State*, 216 A.3d 869, 2019 WL 3991062, at *3 (Del. Aug. 22, 2019).

Petitioner filed a second Rule 61 motion on December 31, 2020. (D.I. 11-1 at 12, Entry No. 118). The Superior Court summarily denied the motion. (D.I. 11-19 at 4-5). Petitioner

appealed, and the Delaware Supreme Court affirmed the judgment on November 5, 2021. *See Land v. State*, 270 A.3d 219 (Table), 2021 WL 5174415, at *1 (Del. Nov. 5, 2021).

Petitioner filed the instant Petition (D.I. 1; D.I. 4; D.I. 5) for habeas relief in April 2022, asserting the following grounds for relief: (1) the Delaware Supreme Court violated Petitioner's due process rights by rejecting Petitioner's second Rule 61 motion as procedurally barred (D.I. 5 at 3-4, 10-11); (2) defense counsel and appellate counsel provided ineffective assistance by failing to pursue the issue of mistaken identification and by failing to request an evidentiary hearing (D.I. 5 at 4-5); and (3) Petitioner has newly discovered evidence of police and prosecutorial misconduct, which demonstrates that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) by withholding critical surveillance video (D.I. 5 at 6-10).

## II.     ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D).[1] Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on January 10, 2017, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on April 10, 2017. Applying the one-year limitations period to that date, Petitioner had until April 10, 2018 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL

---

[1] Petitioner's assertion that he has "newly discovered evidence in the form of the surveillance footage" (D.I. 1 at 4) does not trigger a later starting date under § 2244(d)(1)(D). The issue of the alleged missing original store surveillance video is not "new evidence" forming the factual predicate for any claim in his Petition, as demonstrated by the fact that defense counsel raised, and the Superior Court addressed, the issue of the store's surveillance video during pretrial hearings. (D.I. 11-10 at 183).

3

1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event of the limitations period, namely, the date of finality). Petitioner, however, did not file the instant Petition until April 19, 2022,[2] approximately four years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

      A.     **Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment

---

[2]    Pursuant to the prison mailbox rule, a prisoner's habeas petition is deemed filed the date on which he transmitted the petition to prison authorities for mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). Although the Petition was electronically filed on April 20, 2022, Petitioner dated his certificate of service on April 19, 2022. The Court will assume that the Petition was provided to prison authorities on the earlier date and, therefore, views April 19, 2022 as the date of filing.

denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on April 11, 2017, and ran for sixty-two days until Petitioner's attorney filed his first Rule 61 motion on June 12, 2017. The Superior Court denied the motion on January 24, 2019, and the Delaware Supreme Court affirmed that decision on August 22, 2019. In these circumstances, the Rule 61 motion tolled the limitations period from June 12, 2017 through August 22, 2019.

The limitations clock started to run on August 23, 2019, and ran the remaining 303 days without interruption until the limitations period expired on June 22, 2020.[3] The second Rule 61 that Petitioner filed on December 31, 2020 does not have any statutory tolling effect, because it was filed after the limitations period had expired.

Thus, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling or the actual innocence equitable exception apply.

      **B.**    **Equitable Tolling**

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it

---

[3] The last day of the limitations period fell on a Saturday – June 20, 2020. Therefore, the limitations period extended through the end of the day on Monday, June 22, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

Petitioner contends the delay in his filing the instant Petition was due to "the national/worldwide COVID-19 state of emergency [] extending over a period of 730 days beyond the [Delaware Supreme Court's] Administrative Order No. 3 effective as of March 22, 2020." (D.I. 14 at 4). Petitioner's attempt to establish the COVID-19 pandemic as an extraordinary circumstance warranting equitable tolling is unavailing. Delaware's Governor declared a state of emergency due to COVID-19 on March 12, 2020. *See* https://governor.delaware.gov/helath-soe/state-of-emergency/. Despite his contention to the contrary, Petitioner had access to legal resources while in prison, as demonstrated by the fact that he filed his second Rule 61motion in the Delaware Superior Court on December 31, 2020. In turn, this Court remained open to receive filings in habeas cases throughout the pandemic. *See, e.g.,* U.S. Dist. Ct. for the Dist. Of Del.

6

Standing Order (Mar. 27, 2020) (maintaining most filing deadlines in habeas cases during COVID-19 but extending the deadline for filing state court records). Thus, Petitioner has not demonstrated that the COVID-19 pandemic actually prevented him from complying with AEDPA's limitations period.

Even if the Court were to view the COVID-19 pandemic as triggering equitable tolling, such tolling would not render the instant Petition timely filed. In this alternate scenario, the first day of equitable tolling would have been March 12, 2020, the date on which Delaware declared a state of emergency. It is important to note that, by March 12, 2020, 264 days of AEDPA's limitations period had already expired. The limitations period would have remained tolled through November 5, 2021, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's second Rule 61 motion. The limitations clock would have started to run on November 6, 2021, and would have run the remaining 101 days of the limitations period until it expired February 15, 2022, approximately two months before Petitioner filed the instant Petition. Hence, even under this alternate scenario, Petitioner filed the instant Petition two months too late.

To the extent Petitioner's assertion that he has newly discovered evidence that defense and appellate counsel provided ineffective assistance by failing to investigate the State's alleged *Brady* violation of losing or destroying the original surveillance video should be construed as an attempt to trigger equitable tolling, it is unavailing. The store surveillance system was motion-activated and displayed multiple angles throughout the store. (D.I. 11-10 at 183). The store manager "burned" the surveillance footage for the relevant time period onto a disc for the police. (D.I. 11-10 at 181-83). Prior to trial, Petitioner and his co-defendants complained that the State did not ask the store manager to preserve the footage on the system itself and argued that the copy did not qualify as a "duplicate" for authentication purposes. (D.I. 11-10 at 294-302). They also expressed

7

concern about possible missing evidence because different cameras recorded different segments of the events, depending on the motion activation, and "skipped" in time. (*See* D.I. 11-10 at 183, 295). After holding an evidentiary hearing (*see* D.I. 11-10 at 168-254), reviewing supplemental briefing (*see* D.I. 11-10 at 255- ), and conducting an additional office conference (*see* D.I. 11-10 at 293-308), the Superior Court rejected Petitioner's and his co-defendant's arguments, stating that it did not "have any concerns about this video." (D.I. 11-10 at 301). In fact, the footage – which "captured [Petitioner] committing the robbery" – was later admitted into evidence at trial. *See Land*, 2019 WL 3991062, at *1. In short, Petitioner's instant contention does not constitute "newly discovered evidence" triggering equitable tolling.

Finally, to the extent Petitioner's late filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004); *Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling).

For all these reasons, the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence Equitable Exception

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. The Supreme Court and the Third Circuit have not defined "new evidence" in the context of the actual innocence gateway. Although the Third

8

Circuit has "suggested that new evidence generally must be newly discovered" and "unknown to the defense at the time of trial," this definition of "new evidence" does not apply when the "underlying constitutional violation claimed is ineffective assistance of counsel premised on a failure to present such evidence." *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018). Instead, "when a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway." *Id*.

Petitioner contends he is actually innocent because "evidence was discoverable from the prosecution through several surveillance tapes" that "another suspect was known [] but not presented." (D.I. 14 at 5, 7). Although not entirely clear, Petitioner appears to be referencing surveillance tapes of "similar robberies in Baltimore" that defense counsel learned about while investigating Petitioner's case, which Petitioner appears to believe constituted evidence of another suspect. (*See* D.I. 11-10 at 309-316). The record suggests that, although defense counsel may have contemplated investigating the surveillance tapes of other robberies in pursuit of an alternate suspect theory, that possible theory was not pursued during trial.[4] Regardless, surveillance tapes

---

4  During the office conference on September 21, 2015, defense counsel stated:

> My client's position is that somebody else wearing the security shirt, hat, and sunglasses walked in the store after him. Now as difficult as that might be to believe, I think that is a valid argument to the jury, one. And two, to a degree, it was backed up at the evidentiary hearing. The person testifying from the Dollar General said that there has been other robberies that took place in Baltimore with the same MO, a person with a security shirt. There is no evidence to suggest that my client was involved in that. So that lends credence to the fact that, as unbelievable as it may sound, my client must be, essentially, the unluckiest person in the world in that he walks out of Dollar General wearing a similar looking shirt to somebody that goes in and robs the store minutes later. […]

(D.I. 11-10 at 297-98).

9

of similar robberies in Baltimore would not constitute "new reliable evidence" of Petitioner's actual innocence with respect to the crimes in this case. Given these circumstances, the Court concludes that the actual innocence exception does not excuse Petitioner's untimely filing.

Accordingly, the Court will grant the State's Motion to Dismiss and dismiss the instant Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the Petition is time-barred. Reasonable jurists would not find these conclusions to be debatable. Therefore, the Court will not issue a certificate of appealability.

---

During the office conference on October 7, 2015, defense counsel stated:

> I requested [the State to provide] copies of the videos from those robberies [in Baltimore] and accompanying documentation. […] I haven't gotten a response back. [] I believe that would fall within *Brady*, as *Brady* material. […] I'm requesting for copies of those videos.

(D.I. 11-10 at 311-12).

10

## IV.     CONCLUSION

For the reasons stated, the Court will grant the State's Motion to Dismiss and dismiss the Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.